THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 11, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

    Mary E. Wojciga,              Case No. 12-30258-GMH

           Debtor.                     Chapter 13

**DECISION AND ORDER**

On September 22, 2014, I issued an order denying Ally Financial, Inc.'s motion for relief from the automatic stay. The order conditioned the denial on the debtor making timely monthly car loan payments to Ally Financial for a period of six months beginning with the September 30, 2014, payment. CM-ECF Doc. No. 79. The order provided that if the debtor failed to make a timely payment during that period, Ally Financial could submit an affidavit of default and the court would grant Ally Financial's motion for relief from the automatic stay. *Id*.

On December 11, 2014, Joshua Brady, Ally Financial's counsel, signed and filed an affidavit of default on its behalf swearing that the debtor had not made the September,

October, and November payments. CM-ECF Doc. No. 107. That same day, the debtor objected to the affidavit of default. She asserted that she made all of her payments on time. CM-ECF Doc. No. 108. She attached an exhibit demonstrating that the August payment was posted on August 22, that the September payment was posted on September 10, that the October payment was posted on October 22, and that the November payment was posted on November 25.

I issued an order on December 16 setting a hearing on the affidavit of default on January 8, 2015, at 11:00 a.m. in the Winnebago County Courthouse in Oshkosh, Wisconsin. CM-ECF Doc. No. 110. I informed the parties that if the debtor's response to the affidavit proved accurate, I would "consider whether Ally Financial, Inc. has made a false representation to the court, and, whether sanctions should issue. See Fed. R. Bankr. P. 9011(b)(3), (4) and (c)." CM-ECF Doc. No. 110 at 2.

On December 22, Ally Financial withdrew the affidavit of default. But Ally Financial's withdrawal of the affidavit did not moot an inquiry into whether I should sanction Ally Financial or its counsel for submitting an affidavit containing false statements. I did not cancel the January 8 hearing.

At 10:41 a.m. on January 8, counsel for Ally Financial filed a letter stating that "Attorney Joshua Brady prepared to attend the hearing in person this morning but has been delayed in a hearing at the Milwaukee County Courthouse. Because a personal appearance is required, but neither Atty. Brady nor another Attorney from our office will be able to make it in time, we are requesting an adjourned hearing date." CM-ECF Doc. No. 113.

This correspondence came far too late. I convened the hearing on January 8 in Oshkosh. The debtor's attorney appeared. I determined that the material statements in Ally Financial's affidavit of default were false, and Ally Financial had not demonstrated that those statements had evidentiary support at the time it filed the affidavit. CM-ECF Doc. No. 115. Based on these findings, I issued a minute order awarding sanctions under Fed. R. Bankr. P. 9011. *Id*. I reserved my ruling on the type of sanctions and directed the

debtor's attorney to "report the fees and costs incurred in responding to the affidavit of default, not including her appearance at the hearing, by January 15, 2015." *Id*.

The debtor's attorney filed a letter, along with a detailed billing statement, demonstrating that the debtor incurred attorneys' fees in the amount of $697.50 in responding to Ally Financial's affidavit of default. CM-ECF Doc. No. 117. I have reviewed the billing statements submitted by the debtor's attorney and deem the incurred fees to be a reasonable and necessary expense in responding to the affidavit of default.

Pursuant to Federal Rule of Bankruptcy Procedure 9011(b)(3), when counsel for Ally Financial filed the affidavit of default with the court, counsel represented that to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." I have determined that the statements in the affidavit of default were false, and, despite 23 days' notice of the hearing and of the court's stated intention to consider whether sanctions should issue pursuant to Rule 9011, Ally Financial has not demonstrated that the statements had evidentiary support at the time Ally Financial filed the affidavit of default. Indeed, Ally Financial's withdrawal of its affidavit of default supports the inference that its averments were false. Thus, Ally Financial violated Rule 9011(b)(3).

Federal Rule of Bankruptcy Procedure 9011(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Federal Rule of Bankruptcy Procedure 9011(c)(1)(B) provides that a court may "enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." As explained above, I issued

such an order on December 16, 2014, and gave the parties 23 days' notice of the hearing on this matter. I further explained, in detail, the nature of the conduct that appeared to violate Rule 9011(b). Thus, Rule 9011(c)(1)(B)'s requirements are satisfied, and the issuance of sanctions is appropriate.

Rule 9011(c)(2) provides that the sanction for violating Rule 9011 "may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, *if imposed on motion* and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation" (emphasis added). While the debtor's attorney requested that the court order Ally Financial to pay a reasonable fee for requiring the debtor to respond to the affidavit of default, the debtor did not move for sanctions under the procedure required by Rule 9011(c)(1)(A). *Markus v. Gschwend (In re Markus)* holds that a bankruptcy court cannot shift fees and expenses based on conduct offending Rule 9011 except on motion of a party. 313 F.3d 1146, 1151 (9th Cir. 2002). *Markus*, however, followed Ninth Circuit authority construing Federal Rule of Civil Procedure 11 in a non-bankruptcy context. It did not consider 11 U.S.C. §105(a)'s express directive that the bankruptcy courts "may issue any order . . . that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, and, more important, that "[n]o provision [of the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." While Rule 9011 is a rule and not a provision of the Code, one wonders what sense it makes for §105 to authorize the court to, for example, dismiss this entire case sua sponte (see 11 U.S.C. §1307 providing for conversion or dismissal "on request of a party in interest"), but not to allow the court to shift fees when a party violates Rule 9011—especially when Rule 9011's "on motion" language was lifted wholesale from Rule 11 without apparent consideration to the authority Congress bestowed upon the bankruptcy courts through §105(a).

I leave this issue for another day. I order Ally Financial; Galanis, Pollack, Jacobs & Johnson, S.C.; and Mr. Joshua Brady to pay $500 to the Clerk of the United States Bankruptcy Court for the Eastern District of Wisconsin by the close of business on **March 30, 2015.** This order is consistent with Rule 9011(c)(2)(B), which provides that "[m]onetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned." I issued the December 16 order before Ally Financial withdrew its affidavit of default on December 22; thus, Rule 9011(c)(2)(B) is satisfied.

Ally Financial, Galanis, Pollack, Jacobs & Johnson, S.C., and Mr. Joshua Brady are jointly and severally liable to the court for the sanction amount of $500. A sanction is necessary and appropriate both against Ally Financial and its attorneys to preserve the integrity of a system that allows parties to resolve the myriad of disputes that arise in the course of a typical consumer bankruptcy case through orders affording relief upon the filing an affidavit of default. Those orders facilitate the amicable resolution of motions on terms other than a grant or denial of the relief initially requested: the nonmoving party is afforded a second chance to meet its obligations and the moving party is afforded the right to immediate relief upon the filing of an affidavit of default, rather than having to file and litigate a second motion should the nonmoving party again fail to perform as ordered. But the court's ability to afford relief justly upon the filing of an affidavit of nonperformance obviously requires that the affidavit's averments of default be correct. In this case, Ally Financial's attorney was the one who signed and filed the false affidavit of default, and, therefore, it is appropriate to sanction both Ally Financial and its counsel.

The amount of the sanction is justified by the reasonable attorneys' fees that the debtor expended in responding to Ally Financial's materially false affidavit. Indeed, the sanction understates the cost that Ally Financial imposed on the debtor and ignores the additional burden it imposed on the court. Ally Financial's belated withdrawal of the

affidavit did not eliminate these costs, and I've taken the withdrawal into consideration in imposing the sanction.

I am hopeful that the sanction is sufficient to deter this type of conduct in the future. Recidivism will warrant a steeper penalty.

So ordered.

#####